# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| James Swanson | ) Case No. 5:23-MJ-507 (ATB) |
| | ) |
| **Defendant(s)** | ) |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Sep 15 - 2023
John M. Domurad, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 26, 2022 in the county of Oneida in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Receipt of child pornography |
| 18 U.S.C. § 2252A(a)(1) | Transportation of child pornography |

This criminal complaint is based on these facts:
See attached affidavit

☒  Continued on the attached sheet.

*Cory R Shepard*
Complainant's signature

Cory Shepard, Customs and Border Protection Officer DHS
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 9/15/2023

*Andrew T. Baxter*
Judge's signature

City and State: Syracuse, NY    Hon. Andrew T. Baxter, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Cory Shepard being duly sworn, depose and state:

1. I am a Customs and Border Protection Officer ("CBPO") with the U.S. Department of Homeland Security (DHS), Customs and Border Protection ("CBP"), and I am empowered by law to investigate and make arrests for offenses enumerated in Title 18 of the United States Code, including Section 2252A.

2. I have been employed as a Task Force Officer ("TFO") since November 2020 and I am currently assigned to the Homeland Security Investigation ("HSI") Task Force Resident Agent Office Alexandria Bay, New York.  I have been a TFO for approximately three years and have investigated and/or participated in investigations of child pornography, narcotics, smuggling, and immigration related cases. My duties include the enforcement of federal criminal statutes involving the sexual exploitation of children, as codified in Title 18, United States Code, Sections 2251 through 2259. I have received training in the area of the importation and distribution of child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms of media, including video and computer media.

3. This affidavit is made in support of an application for a criminal complaint charging James SWANSON ("SWANSON") with violations of Title 18, United States Code, Sections 2252A(a)(1) (transportation of child pornography) and 2252A(a)(2)(A) (receipt of child pornography).

## BASIS OF INFORMATION

4. The information contained in this affidavit is based upon my investigation of this matter and on information provided by other law enforcement agents. Because this

1

affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that SWANSON has engaged in the receipt of child pornography, in violation of the 18 U.S.C. § 2252A(a)(2)(A), and transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

## INVESTIGATION AND FACTUAL BASIS FOR THE COMPLAINT

5. On March 26, 2022, NCMEC received two Cybertipline reports ("Cybertips") from Google indicating that a Google user with a specific Gmail account (the "Gmail Account") had uploaded several files to Google's servers that, based on hash-matching technology utilized by Google, appeared to be image and video files of known child pornography.

6. On March 28, 2022, NCMEC received three additional Cybertips from Google indicating that the Google user associated with the Gmail Account had again uploaded several files to Google's servers that, based on hash-matching technology utilized by Google, appeared to be image and video files of known child pornography.

7. The Cybertips were ultimately referred to HSI in March of 2023, at which time, HSI initiated an investigation.

8. Additional investigation revealed that the two upload IP addresses included in the Cybertips mentioned above were associated with two residential addresses within the Northern District of New York associated with SWANSON.

9. Based on the information above and after additional investigation, on May 26, 2023, your affiant applied for and United States Magistrate Judge for the Northern District of New York, Miroslav Lovric, issued a search warrant for the Gmail Account,

which your affiant served on Google shortly thereafter.

10. Google subsequently provided information in response to the warrant, which was reviewed by your affiant. As discussed further below, that information included a fictitious name for the Gmail Account subscriber, however, several of the alleged child pornography files referenced in the Cybertips were recovered from the Gmail Account and were subsequently reviewed by your affiant who has confirmed the files appear to depict minors engaged in sexually explicit conduct.

11. Upon further investigation, on September 14, 2023, your affiant attempted to contact SWANSON at his residence in Rome, New York for the purpose of conducting a voluntary interview. SWANSON was encountered by your affiant at the residence and, after waiving his *Miranda* rights, SWANSON agreed to a voluntary interview with your affiant and other law enforcement agents. The ensuing interview was audio recorded.

12. As part of this initial interview at his residence, SWANSON generally admitted to using the Internet to access, view, and download child sexual abuse material ("CSAM") and admitted that he was the subscriber of the Gmail Account and that the fictitious name associated with the account had been provided by him.

13. After the initial interview at his residence had concluded, SWANSON agreed to go back to the Oneida County Law Enforcement Building to continue being interviewed by law enforcement. Once at the building, SWANSON was placed in an interview room and was again informed of his *Miranda* rights, which he waived and agreed to be interviewed by law enforcement.

14. During the ensuing interview, which was audio and video recorded, SWANSON again admitted that the Gmail Account belonged to him and that no one other

than SWANSON had access to it.

15. SWANSON was shown several still screen captures of CSAM videos that were included as part of the Cybertips referenced above and were also recovered as a result of the search of the Gmail Account including:

a. a screen capture of a one minute and fifty-six second video depicting a male child, approximately 11 years old, and a female child, approximately 12 years old. The screen capture depicts the male child digitally penetrating the female child's vagina with his fingers.

b. a screen capture of a forty-five second video depicting a male child, approximately 10 years old, laying on his stomach facing away from the camera engaged in the lascivious exhibition of his anus and scrotum. The child anus and scrotum are the focal point of the screen capture.

16. After being shown the screen captures, SWANSON admitted that he had accessed, viewed, and downloaded the associated video files. He also admitted that he would obtain CSAM images and videos, such as those he was shown, from two different social networking websites and would then use electronic devices belonging to him, which were connected to the Internet, to upload the images and videos to the Gmail Account. SWANSON admitted that this activity went on for years, but that periodically, SWANSON would delete most of the CSAM images and videos he had accumulated. SWANSON explained that, after deleting the CSAM, he would eventually access, view, and download more using the same method.

## CONCLUSION

17. Based upon the above information, there is probable cause to believe that

SWANSON has engaged in violations of Title 18, United States Code, Sections 2252A(a)(1) (transportation of child pornography), and 2252A(a)(2)(A) (receipt of child pornography).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Cory R Shepard*
Cory Shepard
Customs and Border Protection Officer
U.S. Department of Homeland Security

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on the 15th day of September, 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Andrew T. Baxter*
Hon. Andrew T. Baxter
United States Magistrate Judge

5